UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SUSAN YORK, | : | Case No. 1:19-cv-482 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| DATA RECOGNITION CORP., | : | |
| Defendant. | : | |

**ORDER**

A lack of communication from Plaintiff Susan York was brought to the Court's attention by Attorney Matthew Bruce's motion to withdraw as counsel filed on behalf of himself and Evan McFarland of the Spitz Law Firm, LLC on January 24, 2020.  (Doc. 8). The motion to withdraw indicates that Ms. York failed to cooperate with her attorneys to respond to Defendant's discovery requests, despite numerous requests by her attorneys. (Doc. 8 at 1).  The motion also states that Ms. York last communicated with the Spitz Law Firm on January 3, 2020.  (*Id.* at 2).

Following entry of the Calendar Order on July 30, 2019, there has been no activity by Plaintiff on the docket.  Moreover, the discovery deadline of April 10, 2020 has now expired. (Doc. 6).  After the last status conference on February 10, 2020, the Court granted Attorney Bruce's motion to withdraw as counsel and ordered Plaintiff to notify the Court via email by March 11, 2020 how she intends to proceed, cautioning that failure to respond "may result in dismissal of her case with prejudice for failure to prosecute."  (Min. Entry and Not. Order, Feb. 10, 2020).   A copy of the Minute Entry and Notation Order was sent to Ms. York by

certified mail, however it was returned as undeliverable. (Doc. 10). As of the date of this Order, Ms. York has not responded to the February 10th Order.

On May 26, 2020, the Court issued an Order to Show Cause requiring Ms. York to respond to the Order by no later than July 1, 2020 to inform the Court whether she intends to continue to proceed with this litigation. The Order noted that "[f]ailure to responds will result in dismissal with prejudice for failure to prosecute." (Doc. 11 at 2). A copy of the Order to Show Cause was sent to Ms. York by certified mail, however it was returned as undeliverable. (Doc. 13). Ms. York has not responded to the Order to Show Cause.

It is well-established that district courts may dismiss civil actions *sua sponte* for lack of prosecution in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Further, it is Plaintiff's obligation to keep the Court informed of her current contact information. *See Kosher v. Butler Cty. Jail*, No. 1:12-cv-51, 2012 WL 4808546, at *1 (S.D. Ohio Sept. 4, 2012). Plaintiff's actions make clear that she does not intend to prosecute this case, thus, dismissal with prejudice is warranted.

Accordingly, this civil action is **DISMISSED with prejudice** for failure to prosecute. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date: 7/24/2020  *s/Timothy S. Black*
Timothy S. Black
United States District Judge